**NOT FOR PUBLICATION**                                                    **CLOSED**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
                                                          :
IVA W. KLEMICK,                                           :
                                                          :
              Appellant,                                  :          Civ. No. 06-4980 (JAP)
                                                          :
       v.                                                 :          Bank. No. 05-33129
                                                          :
                                                          :          **OPINION**
                                                          :
ABLE LABORATORIES, INC. *et al*,                          :
                                                          :
              Appellees.                                  :
_____:

PISANO, District Judge.

       Pursuant to 28 U.S.C. § 158(a) Iva W. Klemick ("Klemick") has appealed the United

States Bankruptcy Court's September 1, 2006 order denying Klemick's request for payment of an

administrative expense claim pursuant to 11 U.S.C. § 503.  The issue presented here is whether

Klemick's severance benefits qualify as an administrative expense entitled to administrative

priority treatment.  As explained below, the Court holds that Klemick's claim is not entitled to

administrative priority treatment.  Accordingly, the order of the Bankruptcy Court is affirmed.

## I.    BACKGROUND

### A.    Procedural History

       Able Laboratories, Inc. ("Able" or "Debtor") filed a voluntary bankruptcy petition under

Chapter 11 of the Bankruptcy Code on July 18, 2005 (the "Petition Date").  On February 27,

2006, Able filed a Chapter 11 Plan of Reorganization, which was amended from time to time

until Able filed a Second Amended Plan on April 4, 2006 (the "Plan").  The Plan was confirmed by the Bankruptcy Court on July 17, 2006 and became effective on August 9, 2006 (the "Effective Date").  Pursuant to the Plan, a Litigation Trust Advisory Committee was established and authorized to enter into a Litigation Trust Agreement, wherein Charles A. Stanziale, Jr., Esq., was appointed as litigation trustee (the "Litigation Trustee").

On the Petition Date, Klemick was employed with Able as Vice President of Compliance.  Able terminated Klemick's employment as an employee on December 21, 2005.  On February 27, 2006, Klemick filed a request for Payment of Administrative Expense Claim pursuant to Section 503 of the United States Bankruptcy Code.  Specifically, she requested payment of $52,500.00 in severance pay, amounting to three months base salary, which was payable upon her termination pursuant to a severance clause contained in the employment contract between Klemick and Able.  On April 24, 2006, Klemick filed a Notice of Motion for an Order Granting Payment of Administrative Expense Claim.  The Unsecured Creditors Committee and the Litigation Trustee entered objections to the motion.  On August 21, 2006 the Honorable Raymond T. Lyons heard Klemick's motion and on August 31, 2006, entered an order denying the motion.

Klemick filed a notice of appeal on September 8, 2006.  The appeal was docketed on October 18, 2006.

### B.    Statement of Facts

Prior to March 1, 2004, Klemick was already an employee of the Debtor.  On March 1, 2004, Klemick and the Debtor executed an Amended and Restated Employment Agreement ("employment agreement" or "employment contract").  The employment agreement provided that

2

in the event Klemick was terminated without cause, she would receive a termination payment equal to the value of three months base salary as severance.  In May of 2005, Klemick was transferred to the position of Vice President of Compliance.  Her base salary was increased to $210,000.00 per year with the remaining terms and conditions of the employment agreement in tact.

Immediately following the Petition Date, the Debtor asked several employees, including Klemick, to remain with the Debtor in order to continue providing needed services to the Debtor and to assist the Debtor in winding up its affairs.  Specifically, Klemick assisted the Debtor in complying with the Food and Drug Administration's mandated recall of certain products manufactured by the Debtor.

On December 21, 2005, the Debtor terminated Klemick's employment.  Immediately following the termination, the Debtor retained Klemick as an "independent contractor."  Klemick was paid on an hourly basis, without deductions for federal or state taxes or social security, and without any employment benefits.  On July 1, 2006, the Debtor terminated Klemick from her position as independent contractor.  Klemick no longer provides any services to the Debtor.

## II.    STANDARD OF REVIEW

The Court has jurisdiction over this appeal pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 158(a).  The district court reviews a bankruptcy court's legal conclusions under a plenary standard.  See J.P. Fyfe, Inc. of Fla. v. Bradco Supply Corp., 891 F.2d 66, 69 (3d Cir. 1989).  Factual determinations, however, may be set aside by the district court only if they are clearly erroneous.  See Fed. Rule Bankr. Proc. 8013; J.P. Fyfe, Inc. of Fla., 891 F.2d at 69.  The issue presented in this appeal is a question of law:  whether the severance

3

benefits payable to Klemick constitute an administrative expense under 11 U.S.C. § 503(b)

entitled to priority pursuant to § 507(a)(1).  Thus, the Court will apply a plenary standard of

review.

**III.    DISCUSSION**

Klemick argues that the bankruptcy court erred by concluding that the severance pay due

pursuant to her employment contract does not constitute an administrative expense under

Bankruptcy Code section 503(b)(1)(A).  Section 503(b) provides that administrative expenses

include "the actual, necessary costs and expenses of preserving the estate including - (i) wages,

salaries or commissions for services rendered [post-petition]; ...." 11 U.S.C. § 503(b)(1)(A).

Additionally, Section 507(a)(1) of the Bankruptcy Code provides that administrative expenses

allowed under 503(b) receive first priority in distribution of the assets of the debtor's estate.  11

U.S.C. § 507(a)(1).  The policy underlying priority treatment for administrative expenses is to

encourage creditors to extend credit that will enable a reorganization to succeed.  In re Grand

Union Co., 266 B.R. 621, 625-26 (Bankr. D.N.J. 2001).

In re Public Ledger, 161 F.2d 762 (3d Cir. 1947) is the seminal case in the Third Circuit

dealing with priority of severance benefits.  Courts cite Public Ledger for the proposition that

severance pay claims based on "length of employment" contracts – where severance is based

upon the employee's length of service –  are entitled to administrative status for that portion of

severance pay earned post-petition.  In such cases, because the consideration is given by the

employee by way of services to the debtor over the entire period of the employment, the benefit

is almost always "earned" pre-petition, and thus not qualified for administrative status.

Additionally, courts rely on Public Ledger for the proposition that severance pay claims based on

4

contracts that contain termination "in lieu of notice" clauses are entitled to administrative status. See, e.g., In re Roth American, Inc., 975 F.2d 949 (3d Cir. 1992); In re Wean Inc., 171 B.R. 528 (Bankr. W.D. Pa. 1994); In re Levinson Steel Co., 117 B.R. 194 (Bankr. W.D. Pa. 1990).

Klemick argues that the Third Circuit only recognizes the two categories of severance benefits that were considered by the court in Public Ledger: those based on length of service and those given in lieu of notice of termination.  Klemick asserts that In re Hechinger Investment Co. of Deleware, 298 F.3d 219 (3d Cir. 2002) stands for the proposition that Third Circuit precedent requires courts to find that severance provisions in employment contracts must fall into either pay at termination "in lieu of notice" or pay at termination based upon "length of employment" categories.  She argues that because the severance provision in her employment contract was not based upon her length of employment and was for a relatively short time, it was a benefit intended to be "in lieu of notice." As a result, she contends that her right to severance pay should be treated as an administrative expense.

The Court disagrees, and concludes that Klemick's claim does not fall within the two categories recognized in Public Ledger.  Indeed, the severance provision in Klemick's contract is not related to her length of employment, nor is it "in lieu of notice."  Moreover, the Court finds that Hechinger does not stand for the proposition that Third Circuit precedent requires that courts find that severance provisions in employment contracts must fall into either pay at termination "in lieu of notice" or pay at termination based upon "length of employment" categories.  The contract at issue in Hechinger, unlike the contract provision in this case, did fit within the two categories recognized in Public Ledger.  As the court explained In re M Group, Inc., 268 B.R. 896, 901 (Bankr. D.Del. 2001), however, it appears that "length of service and termination in lieu

5

of notice provisions in employment contracts do not exhaust the universe of types of severance pay clauses." The Court agrees, and will not pigeonhole the severance provision in Klemick's employment agreement into a category where it does not belong.

In In re M Group, the bankruptcy court considered a severance provision similar to the provision in Klemick's employment agreement. In that case, the former executive vice-president of the debtor, Richard Fields ("Fields"), who was terminated post-petition, filed an administrative priority claim for severance pay. Id. at 898. His employment contract provided for severance pay if he was terminated without cause. Id. at 899-900. The court analyzed the language in the employment contract and noted that there was no mention of a pre-termination notice period or of a length of service term. Id. at 900. Thus, the court determined that Fields' claim did not fall into the categories set forth in Public Ledger and instead must be subjected to a different analysis. Id. The court relied on case law from other districts to provide a framework for analysis of the "termination without cause" type of severance provision. Id.

In re Selectors, Inc., 85 B.R. 843 (9th Cir. 1988) is one case cited by the court in In re M Group. The severance provision at issue in In re Selectors provided for a lump sum payment if the employee was terminated "for any reason." Id. at 844. The court acknowledged that the Ninth Circuit had adopted the Public Ledger view, but found that the severance provision did not fall into either the length of service category or the termination in lieu of notice category. Id. at 845. Thus, the court determined that instead, the severance provision should be subjected to analysis under 503(b)'s standards: whether the clause gives rise to an actual and necessary expense of preserving the estate. Id. The court found that it did not.

Similarly, in In re Uly-Pack, Inc., 128 B.R. 763 (Bankr. S.D. Ill. 1991), another case

6

examined by the court in In re M Group, the court concluded that the provision at issue, which provided for severance pay if the employee was terminated "other than for cause," did not fit into the length of service category or the termination in lieu of notice category.  Therefore, the court stated that the administrative status of the right to severance pay was "dependent upon the substance of the contractual provision."  Id. at 766.  The court explained that because the policy underlying the priority treatment for administrative expenses is to encourage creditors to extend credit that will enable a reorganization to succeed, the right to payment as an administrative expense must both 1) arise from a transaction with the debtor in possession; and 2) must have benefitted the debtor in possession in the operation of its business.  Id.

Finally, the court in In re M Group cited In re Commercial Financial Services, Inc., 246 F.3d 1291 (10th Cir. 2001), for the proposition that in determining whether a claim should be given administrative priority treatment, courts look to "when the acts giving rise to liability took place, not when they accrued."  In re M Group, 268 B.R. at 901 (citing In re Commercial Financial Services, 246 F.3d at 1295).

The court in In re M Group applied the standards articulated in the cases cited above to the "termination without cause" provision in Fields' contract and concluded that Fields' claim was not entitled to administrative priority treatment.  Id. at 901-02.  The court noted that Fields became eligible for severance pay immediately upon signing his employment contract, which occurred pre-petition. Id. at 901. The court explained that the fact that Fields continued to be employed with the debtor post-petition was "insufficient to establish a transaction with the debtor in possession for administrative priority purposes." Id. at 902 (citing In re Commercial Financial Services, 246 F.3d at 1295).  The court also emphasized that Fields' claim must be subjected to

the standard § 503(b) test – whether the claim represented an actual and necessary expense of preserving the estate.  Id.  The court concluded that there was no allegation in the case that Fields' claim served that function.

Klemick's employment contract is similar to the employment contracts in In re M Group, Uly-pack, and In re Selectors and the Court agrees with the rationale and holdings in those cases. Specifically, Klemick's contract provided for severance pay if she was terminated without cause. This provision was not related to either length of service or to lack of notice.  Thus, as emphasized above, the Court finds that the Public Ledger framework is inapplicable to the case at hand.  The court instead will analyze Klemick's claim under the general rules governing administrative expense priority.

First, the severance provision in Klemick's employment agreement was not the result of a transaction between the debtor in possession and Klemick.  Rather, like the employment agreement in In re M Group, Klemick's employment agreement arose from a transaction that occurred entirely pre-petition.  Klemick was entitled to severance benefits the moment she executed her employment agreement.  Indeed, if Klemick had been terminated before the petition date, she would have been entitled to her severance pay immediately.  Therefore, her eligibility for severance pay did not arise from a transaction with the debtor in possession.

Additionally, the consideration supporting Klemick's right to her severance payment did not benefit the debtor in possession in the operation of its business.  Klemick's work post-petition was not consideration for the severance pay.  That work was consideration for her salary, which she received in full.  Klemick's claim should not receive administrative priority simply because the services she provided post-petition were beneficial to the debtor in possession in the

8

operation of its business.  Although the Court agrees that her work benefitted the debtor, this is alone is insufficient, because the consideration for her lump sum severance payment provided no benefit to the debtor in possession.  Rather, the consideration was based on pre-petition activities. Thus, the Court finds that the severance pay is not a necessary expense of preserving the estate under § 503(b) and it not entitled to priority treatment as an administrative expense.

## IV.  CONCLUSION

For the reasons explained above, the Court finds that Klemick's claim is not entitled to administrative priority treatment.  Accordingly, the order of the Bankruptcy Court is affirmed. An appropriate order accompanies this opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: March 28, 2007